UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL CARR                                    CIVIL ACTION NO. 18-cv-0631

VERSUS                                          JUDGE DOUGHTY

CHRISTOPHER D. MAYCLIN, ET AL                   MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Michael Carr ("Plaintiff") filed a single petition suit in state court for damages caused by two car accidents in which he was involved. The defendants associated with the first accident removed the case to federal court based on an assertion of diversity jurisdiction. Plaintiff filed a Motion to Remand (Doc. 13) on the grounds the removing defendants did not satisfy their burden of establishing that the amount in controversy exceeds $75,000.

The removing defendants responded to the motion, and they filed a separate Motion to Sever (Doc. 10) that asked that the claims against the defendants associated with the second accident (one of whom is not diverse from Plaintiff) be severed and remanded on the grounds that those defendants were improperly joined as a matter of procedural law. After review, the undersigned concludes that the removing defendants have not satisfied their burden with respect to the amount in controversy and recommends, for the reasons that follow, that the case be remanded to state court. It is not necessary to address the Motion to Sever.

**Removing Party's Burden**

The federal courts have original jurisdiction over civil actions where the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Subject to some exceptions, a civil action brought in state court over which the federal courts have original jurisdiction may be removed by the defendants. § 1441(a). The notice of removal must contain a statement of the grounds for removal. § 1446(a).

A notice of removal may assert the amount in controversy if the plaintiff's initial pleading seeks a money judgment but state practice does not permit demand for a specific sum. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal of such an action is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that removal is proper, and any doubts should be resolved against federal jurisdiction. Vantage Drilling Co. v. Hsin-Chi Su, 741 F.3rd 535, 537 (5th Cir. 2014).

Plaintiff's petition, in accordance with Louisiana law, did not set forth a demand for a specific amount of damages. Defendants asserted in their notice of removal that the amount in controversy exceeds $75,000. Defendants may satisfy their burden on that issue by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy—in the notice of removal or an affidavit—that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298

(5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Defendants in this case rely primarily on the facially apparent standard.

**Facts in the Petition**

Plaintiff alleges in his state court petition that he was operating his vehicle on I-220, driving in the left lane near the Cross Lake Bridge in Shreveport, prior to an area where road construction was being performed.  Without warning, a large commercial truck (18-wheeler) operated by Christopher Mayclin and owned by Crete Carrier Corp. "swerved from the right land into the left lane, smashing into [Plaintiff's] vehicle."  Petition, ¶¶ 4-5.

Plaintiff alleges that, as a result of the incident, he "suffered serious, painful and permanent bodily injuries including lumbar, thoracic, and cervical spinal injuries, radiating pain, shoulder pain, and emotional distress, for which he is entitled to be fully and justly compensated" in several categories.  The categories listed are the standard past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, loss of enjoyment of life, loss of earnings and earning capacity, and loss of future earnings.  ¶ 11.  The petition does not offer any additional facts regarding the nature of the injuries, what medical care might have been required, or the extent of damages.

Plaintiff alleges in his petition that, less than three weeks later, he was again operating his vehicle on I-220 when he had to stop because the traffic ahead of him was stopped.  Two other vehicles came to a complete stop behind.  Mason Hollis, however, was not able to stop his vehicle, and he struck the two stopped vehicles, which caused the vehicle directly behind Plaintiff to impact Plaintiff's vehicle.  ¶¶ 15-16.  Plaintiff does not allege any particular injuries or damages associated with this accident other than to allege

that, as a result of the second collision, his "injuries and damages as stated above were aggravated." ¶ 17.

**Other Facts Offered by Defendants**

Defendants' notice of removal did not set forth any facts about Plaintiff's injuries, medical expenses, settlement demands, or otherwise that would help them meet their burden. The only thing Defendants offered was that Plaintiff had elected to sue his own underinsured/uninsured motorist carrier despite the defendants involved in the first accident being required to have insurance coverage of $1,000,000. Defendants add in their memorandum (Doc. 15) that regulations that apply to them require minimum insurance coverage of $1,000,000.

Plaintiff's counsel notes in his Reply (Doc. 18) that Defendants never affirmatively represent that they actually have $1,000,000 in coverage, and he has not been shown a policy or other evidence of such coverage thus far in the litigation. Counsel states that Plaintiff did not and does not have any knowledge of a $1,000,000 policy limit carried by those defendants.

**Analysis**

It is necessary that Defendants show by a preponderance that the amount in controversy exceeds $75,000. Defendants in this case must rely on the face of the petition to meet that burden, and the facts found there are not sufficient. The petition alleges that Plaintiff suffered back injuries that are described as "serious, painful and permanent." This court has noted that virtually every personal injury petition filed in state and city courts includes boilerplate allegations of severe, disabling, or permanent injuries, even when only

mild soft tissue injuries are at stake. The same is true with respect to the standard categories of damages sought, e.g., past and future medical expenses, loss of earnings, etc. See Nordman v. Kansas City Southern, 2009 WL 976493 (W. D. La. 2009); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W. D. La. 2012). A personal injury suit does not become a federal case just because the plaintiff's attorney describes an injury as severe/permanent/disabling or the petition includes a boilerplate list of damage categories. Wilson v. Hochheim Prairie Cas. Ins. Co., 2014 WL 508520 (W.D. La. 2014). If those commonplace allegations were sufficient, almost every petition between diverse parties would be removable.

Defendants tried to make something of the fact that Plaintiff chose to name his UM insurer. Perhaps Plaintiff named his UM carrier because he deemed his damages to be so large that they exceeded what was covered by the available liability policies. But perhaps he named the UM carrier because he did not know at the time if the defendants had a small coverage limit, or perhaps he wanted to protect against a situation where the liability insurer asserted a defense to coverage, claimed that the policy had lapsed, or became insolvent. Plaintiff's attorneys, based on such concerns, sometimes include the UM carrier as a defendant out of an abundance of caution in even smaller cases. Thus, the mere fact the UM carrier has been named as a defendant means nothing in the assessment of the amount in controversy. Wilson, 2014 WL 508520, *2.

Defendants state that they removed the case out of an abundance of caution. Rules are in place, however, to avoid the need for such knee-jerk removals that delay the resolution of the merits of the case and impose an unnecessary burden on the courts and

parties. Defendants faced with a petition that contains little information about the amount in controversy should direct interrogatories, requests for admission, or similar discovery to the plaintiff in an effort to learn about the amount of damages at issue. Some defendants fear that the 30-day removal period will run while they pursue such information, but the removal period is triggered only where the initial petition "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 399 (5th Cir. 2013), quoting Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir.1992).

Petitions, like the one in this case, that state unspecified damage amounts do not trigger the time limit. For example, in Quest v. Church Mut. Ins. Co., 2013 WL 6044380 (E.D. La. 2013) the plaintiff alleged she was hit by a bus. She claimed "damages exceed[ing] $50,000" for neck and back injuries that would require lumbar surgery, past and future medical expenses, lost wages, permanent disability, etc. The court applied Mumphrey and Chapman and held that, despite the severity of the injuries described in the petition, the removal clock was not triggered until plaintiff responded to an interrogatory and said she sought in excess of $900,000. Such proper applications of the rules protect defendants from waiving removal and avoid the waste of judicial resources caused by premature removals.

**Citizenship of the Parties**

Defendants, as the removing parties, also bear the burden of setting forth specific facts that establish the citizenship of each party to ensure that there is complete diversity of citizenship. There is an admitted lack of complete diversity in this case because the

driver in the second accident shares Louisiana citizenship with Plaintiff. Even if that issue were overcome by virtue of the improper procedural-joinder argument asserted in the motion to sever, the notice of removal does not adequately set forth the citizenship of all parties.

Crete Carrier Corporation and Hartford Insurance Company appear to be corporations. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

Crete alleges that it maintains its principal place of business in Nebraska, but it does not allege the state in which it was incorporated. Notice of Removal, ¶ 6. Hartford alleges that it has its principal place of business in Connecticut, but it also does not allege the state in which it was incorporated (assuming it is a corporation). The court ordinarily allows removing parties an opportunity to cure such deficiencies, so the undersigned would not recommend immediate remand based solely on the lack of citizenship information. It is, however, a deficiency in the removal that would have to be cured for this case to remain in federal court.

**Conclusion**

Defendants have not satisfied their burden with respect to the amount in controversy. They have not pointed to facts in the petition or in their removal papers that provide facts to show that it is more likely than not that the amount in controversy exceeds $75,000. This court should determine that Defendants have not met their burden of demonstrating that the court has subject-matter jurisdiction, and it should remand the case to state court.

If, after remand, Defendants receive a settlement demand, answer to a request for admission, discovery response, deposition transcript, or "other paper" that proves by a preponderance of the evidence that the amount in controversy exceeds $75,000, the 30-day removal period will be triggered, and a second removal may be appropriate. 28 USC § 1446(b)(3); SWS Erectors, Inc. v. Infax, Inc., 72 F.3d 489 (5th Cir. 1996). That recently happened in another case before this court, Contario v. Ball, 17-cv-0675. There is generally a one-year from commencement deadline for diversity removals based on other paper. § 1446(c)(1). That gives Defendants until April 8, 2019 to conduct discovery and otherwise explore the amount in controversy, and potentially remove the case if the facts support jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion to Remand (Doc. 13)** be **granted** and this civil action be **remanded** to the First Judicial District Court, Caddo Parish, Louisiana, where this case was pending as Case No. 607831-B.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of September, 2018.

Mark L. Hornsby
U.S. Magistrate Judge